Valentine vs. Hawley.

---

No. 9352.

## JOHN VALENTINE VS. WILLIAM C. HAWLEY.

Where a power of attorney empowers an agent to sell a lot at the corner of two named streets and the deed of the agent specifies which corner by mentioning the boundaries of the square in which the lot is, the indefiniteness of description of the lot in the power of attorney is cured by the full description of its locus in the deed, and a purchaser of the lot by public auction is not justified in refusing to comply with his bid because of the indefiniteness of description in the power of attorney.

Such refusal is the less justifiable when the original vendor who is the author of the power of attorney did not own a lot at any other corner of the named streets, and he and they who hold under him have possessed the lot thirty years.

A PPEAL from the Civil District Court for the Parish of Orleans.
*Lazarus*, J.

*Gibson, Hall & Montgomery* for Plaintiff and Appellee.

*J. D. Kiernan* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   The object of this suit is to compel the defendant to
·comply with his bid for certain property made at a public auction. His
refusal is based on the indefiniteness of the description of the property
in the power of attorney under which the plaintiff's deed was made
and the consequent uncertainty of its locus.

The description in the deed is as follows:—"a certain lot of ground
together with the buildings and improvements thereon * * situate in
the Faubourg Trémé second district of this city in the square bounded
by Bienville, Marais, Conti, and Trémé streets having American meas-
ure thirty one feet eleven inches and five-eighths front on Bienville
street, by a depth and front of ninety two feet eight inches and five-
eighths on Marais street, of which it forms the corner as per plan
drawn by J. N. Depouilly on Dec. 12, 1850, which property was ac-
quired by the present vendor by purchase from Camille Thierry on
April 11, 1866."

The plaintiff bought from Thierry's vendee, a widow McQueen, in
June 1866 and has been in continuous possession since. Thierry bought
in January 1854. The deed from him to the widow McQueen has the
same description of the property as that from her to the plaintiff, but
his deed was executed under a power of attorney from him to one Foy
and that instrument empowers Foy to sell a "certain lot or portion of
ground with the buildings and improvements thereon situate in this
·city, forming the corner of Marais and Bienville streets."

The defendant's objection is that as there are four corners of those
streets, he is justified in rejecting a title made under an authorization
that does not specify which corner is the locus.

The evidence abundantly shows that Thierry owned no property but
this at the intersection of Marais and Bienville streets, and that he and
they who hold under him have possessed this property thirty years.
But independent of this proof, the specification of the particular cor-
ner in the deed cures any vagueness in the description in the power of
attorney.   That instrument empowered the agent to sell a lot at the

corner of two named streets and the deed made by the agent described which corner the lot on was by mentioning the boundaries of the square of which it formed a part.

The objection of the defendant to the title tendered him is not good and so the lower court held.

Judgment affirmed.